UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony R. Welter,

          Plaintiff,

v.

Unum Life Insurance Company of America,

          Defendant.

**COMPLAINT**

The Plaintiff in the above entitled action, as and for his Complaint against the above-named Defendant, states and alleges as follows:

## NATURE OF ACTION, JURISDICTION, PARTIES AND VENUE

1.  The present action is a claim for long-term disability benefits and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

2.  Plaintiff, Anthony R. Welter, is an individual who, at all times relevant, resided in the County of Anoka, State of Minnesota. At all times relevant hereto, Plaintiff was an employee of Abra Auto Body and Glass as an Auto Body.

3.  At all times relevant hereto, through his employment, Plaintiff was a participant in the group long-term disability insurance policy 907470 (Policy and/or Plan) issued by Unum Life Insurance Company of America (Unum).

4.  As this action involves an employee benefit plan governed by ERISA, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

5.  Defendant Unum is the insurer and is liable for any benefits under the Policy. Defendant Unum is a corporation which conducts and transacts insurance business within the State of Minnesota. Unum is not registered as a foreign corporation with the Minnesota Secretary of State's office and has no agent for service of process appointed in the State of Minnesota. Unum is licensed by the Minnesota Department of Commerce to conduct insurance business in the State of Minnesota. The current mailing address of Unum is:

> Unum Life Insurance Company of America
> 2211 Congress Street
> Portland, Maine 04122

6.  Defendant has been named a claim fiduciary.

## RECITATION OF FACTS

7.  At all times relevant hereto, Plaintiff was employed by Abra Auto Body and Glass.

8.  Through his employment, Plaintiff was a participant in group policy 907470.

9.  On approximately September 10, 2012, Plaintiff was caused to cease working due to adverse health conditions. It is the opinion of his medical providers that he was unable to perform the material and substantial duties of his Own Occupation and thereafter Any Occupation as defined in the Plan.

10. Plaintiff timely applied for and was approved long-term disability benefits following the mandatory elimination period as provided in the Policy.

11. Via letter dated March 2, 2015, Defendant advised Plaintiff that his claim for long-term disability benefits would be terminated effective March 8, 2015 as Defendant

determined Plaintiff could perform all of the material and substantial duties of substitute occupations.

12. Plaintiff timely appealed the adverse benefit determination and provided additional supporting documentation and evidence.

13. Via letter dated March 21, 2016, Plaintiff was informed that the original decision to deny his long-term disability benefit claim was being upheld.

14. Within that same letter, Plaintiff was informed that he had exhausted his administrative remedies under the Policy.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

15. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

16. Defendant has violated the clear and unambiguous terms of the applicable Policy, ERISA and applicable regulations in ignoring the facts of Plaintiff's case as a whole, and in denying Plaintiff's claims for ongoing long-term disability benefits.

17. As a proximate result of Defendant's violation of ERISA, applicable regulations and the terms of the Policy, Plaintiff has been harmed and deprived of benefits due under the terms of the Policy.

18. Plaintiff is entitled to legal and equitable relief as a result of Defendant's violations of ERISA, applicable regulations and the terms of the Policy, including, but not limited to payment of long-term disability benefits wrongfully denied under the terms of the Policy,

together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for an Order from the Court determining that Defendant's decision to deny long-term disability benefits was in violation of the Policy and applicable law, and for the sum of his past long-term disability benefits as provided in the Policy, as well as future benefits so long as he remains disabled in accordance with the terms of the Policy, together with interest, penalties, attorneys' fees, costs and disbursements in this action, as well as other equitable relief and penalties pursuant to ERISA and otherwise as provided by law.

Dated this 6th day of May, 2016.

**BEEDEM LAW OFFICE**

*/s Alesia R. Strand*

_____
Thomas J. Beedem (19668X)
Alesia R. Strand (0332884)
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF